IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE R. LAPUTKA, III | CIVIL ACTION |
| Plaintiff, | 11-CV-01967-ARC |
| v. | (HON. A. RICHARD CAPUTO) |
| THE PENNSYLVANIA STATE UNIVERSITY | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The Pennsylvania State University ("Penn State"), by and through its attorneys, White and Williams LLP, answers Plaintiff's Second Amended Complaint as follows:

1. Penn State is without knowledge or information to admit or deny the allegations set forth in Paragraph 1 of the Second Amended Complaint.

2. Paragraph 2 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, Penn State admits that it is an educational institution with offices at 76 University Drive, Hazleton, Pennsylvania and 201 Old Main, University Park, Pennsylvania.

3. Admitted.

8930496v.1

4. Denied as stated. By way of further answer, Plaintiff was advised that he was dismissed prior to the end of his probationary period on June 16, 2010.

5. Denied.

6. Denied.

7. Paragraph 7 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

## COUNT I – AGE DISCRIMINATION

8. Penn State hereby incorporates its answers to Paragraphs 1 through 7 as if fully set forth herein at length.

9. Paragraph 9 contains conclusions of law to which no responsive pleading is required.

10. Denied.

11. Paragraph 11 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

12. Denied.

13. Paragraph 13 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

14. Paragraph 14 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied. By way of further answer, Penn State lacks sufficient knowledge or information to form a belief as to the damages and losses allegedly incurred by Plaintiff.

15. Paragraph 15 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

16. Paragraph 16 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

17. Paragraph 17 contains conclusions of law to which no responsive pleading is required. To the extent that this Paragraph contains factual averments, they are denied.

## AFFIRMATIVE DEFENSES

Penn State avers the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Penn State also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

8930496v.1

18. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

19. Plaintiff has not been damaged.

20. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

21. Plaintiff's claims are or may be barred in whole or in part, by the applicable statute(s) of limitations and/or any other applicable limitations period.

22. Plaintiff is not entitled to equitable relief since Plaintiff has an adequate remedy at law.

23. Plaintiff failed to establish any legal or factual basis for asserting a claim for compensatory damages.

24. Plaintiff failed to establish any legal or factual basis for asserting a claim for compensatory damages based on a loss of professional reputation.

25. Plaintiff's employment was terminated for lawful, legitimate, non-discriminatory, non-retaliatory reasons.

26. Penn State acted reasonably and in good faith with respect to Plaintiff at all times relevant hereto.

27. Plaintiff's age was not a determinative factor in Penn State's decision to terminate Plaintiff's employment.

8930496v.1

28.     Penn State engaged in good faith efforts to comply with applicable law.

29.     To the extent that discriminatory decisions are found to have been made with respect to supervisory or managerial agents of Penn State, such decisions are contrary to Penn State's good faith efforts to prevent discrimination in the workplace, and, as such cannot be attributed to Penn State. Penn State did not act with a conscious disregard of Plaintiff's rights under the Age Discrimination in Employment Act of 1967.

30.     Plaintiff is not entitled to any relief sought because, assuming (without conceding) that Plaintiff was the victim of discriminatory conduct, Penn State would have taken the same action in the absence of any impermissible motivating factor.

31.     Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to exhaust his administrative remedies or meet the jurisdictional prerequisites, statutory requirements or conditions precedent for maintaining all or part of this action.

32.     No action or inaction of Penn State caused Plaintiff harm at any time.

33.     Plaintiff failed to conduct his job duties at Penn State in a satisfactory manner.

8930496v.1

34. Plaintiff failed to initiate, pursue and exhaust policies and procedures to address and remedy any alleged discrimination.

35. Penn State reserves the right to assert additional defenses as they may become known through the course of discovery.

**WHEREFORE,** Penn State respectfully requests that this Court:

a. Dismiss Plaintiff's Second Amended Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the Second Amended Complaint;

c. Award Penn State reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

d. Grant such other relief as the Court may deem just and proper.

Dated: April 10, 2012                                    WHITE AND WILLIAMS LLP

BY: */s/ Nancy Conrad*
Nancy Conrad (56157)
3701 Corporate Parkway,
Suite 300
Center Valley, PA  18034-8233
Phone: 610.782.4909
Attorneys for Defendant,
The Pennsylvania State University

8930496v.1

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE R. LAPUTKA, III | : CIVIL ACTION |
| Plaintiff, | : 11-CV-01967-ARC |
| v. | : (HON. A. RICHARD CAPUTO) |
| THE PENNSYLVANIA STATE UNIVERSITY | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Nancy Conrad, Esquire, do hereby certify that on this 10th day of April, 2012, I caused a true and correct copy of the attached Defendant's Reply to Plaintiff's Second Amended Complaint to be served by means of the Electronic Case Filing System of the United States District Court for the Middle District of Pennsylvania, upon the following persons listed below:

Stephen D. Rhoades
Law Offices of Edward P. McNelis
19 E. Broad Street
Hazleton, PA 18201

Dated: April 10, 2012

WHITE AND WILLIAMS LLP

BY: */s/ Nancy Conrad*
Nancy Conrad (56157)
3701 Corporate Parkway,
Suite 300
Center Valley, PA 18034-8233
Phone: 610.782.4909
Attorneys for Defendant,
The Pennsylvania State University

8930496v.1